UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 OCT 15 P 12: 20

| | |
|---|---|
| PAUL THERIAULT<br>    Plaintiff<br>v.<br><br>EQUIFAX CREDIT INFORMATION<br>SERVICES, INC., and MORGAN STANLEY<br>& CO. d/b/a DISCOVER FINANCIAL SERVICES<br>    Defendants | CASE NUMBER<br>3:02CV2298(SRU)<br><br>RULE 26(f) REPORT OF<br>PARTIES' PLANNING<br>MEETING<br><br>OCTOBER 13, 2003 |

Date Complaint Filed:   December 26, 2002.

Date Complaint Served:   Defendant Morgan Stanley & Co. d/b/a/ Discover Financial Services ("Morgan Stanley") was served on January 17, 2003.

Date of Defendant's Appearance: Mark H. Dean appeared for Morgan Stanley on July 21, 2003.

Pursuant to Fed. R. Civ. P 16(b), 26(f) and D. Conn. L. Civ. R. 38, a conference was held on October 10, 2003. The participants were:

Sarah Poriss for the plaintiff Paul Theriault ("Plaintiff").

Mark H. Dean for the defendant Morgan Stanley.

I.   **Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of their report to their clients.

II.   **Jurisdiction**

A. Subject Matter Jurisdiction: Plaintiff alleges that subject matter jurisdiction is appropriate pursuant to 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1337, and Fed. R. Civ. P. 18(a). Morgan Stanley does not contest subject matter jurisdiction.

II.   **Jurisdiction**

A. Subject Matter Jurisdiction: Plaintiff alleges that subject matter jurisdiction is appropriate pursuant to 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1337, and Fed. R. Civ. P. 18(a). Morgan Stanley does not contest subject matter jurisdiction.

B. Personal Jurisdiction: Defendant Morgan Stanley is a national corporation that regularly conducts business in Connecticut; Plaintiff alleges that he is a resident of this state; and Plaintiff alleges that the violation(s) that are the subject of this lawsuit occurred in Connecticut.

**III.    Brief Description of Case**

A. Claims of Plaintiff: Plaintiff's claims against defendant Equifax Credit Information Services, Inc. were dismissed by stipulation on April 28, 2003.

As to the Defendant Morgan Stanley, Plaintiff claims (1) that Morgan Stanley violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.* by erroneously reporting to credit reporting agencies that Plaintiff had filed a bankruptcy, which information became part of his credit filed and resulted in his inability to obtain credit; and, (2) that by providing false information to third parties, Morgan Stanley violated Conn. Gen. Stat. § 42-110a *et seq.*, the Connecticut Unfair Trade Practices Act ("CUTPA"), by committing the acts and/or omissions discussed above which caused Plaintiff to sustain an ascertainable loss.

B. Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendants:

Morgan Stanley has generally denied Plaintiff's allegations and claims that the Plaintiff has sued the wrong entity. It does not do business under the trade name Discover Financial Services. Rather, Discover Financial Services, Inc. is a separate corporation.

C. Defenses and Claims of Third Party Defendant: not applicable.

**IV.    Statement of Undisputed Facts:**

A. Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed: Defendant Morgan Stanley is a Delaware corporation; Plaintiff is a resident of Connecticut.

V. **Case Management Plan:**

A. Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows: Modification of the commencement of deadlines by three months.

B. Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b)..

C. Early Settlement Conference

(1) The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement may be enhanced by an early settlement conference.

(2) The parties request an early settlement conference.

(3) The parties prefer a settlement conference with a magistrate judge or parajudicial officer by conference call.

(4) The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

D. Joinder of Parties and Amendment of Pleadings

(1) Plaintiff should be allowed until November 14, 2003 to file motions to join additional parties and until November 30, 2003 to file motions to amend the pleadings.

(2) Defendant should be allowed until December 2, 2003 to file motions to join additional parties.

E. Discovery

(1) The parties anticipate that discovery will be needed on the following subjects: (a) Defendant's alleged receipt of Plaintiff's credit disputes as described in the

3

Complaint; (b) Defendant's alleged treatment and investigation of Plaintiff's credit disputes; (c) Defendant's alleged reports of information related to these accounts to credit reporting agencies; (d) Plaintiff's credit reputation and his credit history; (e) the specific alleged acts of negligence Plaintiff claims were committed by Defendant; (f) communications between Plaintiff and Experian, TransUnion, Equifax, and any other credit reporting agency; (g) any communications between Plaintiff and Defendant; (h) the credit reports received by Plaintiff from the various credit reporting agencies; (i) the nature and extent of all of Plaintiff's claimed damages; and (j) any other areas that may arise through the course of the parties' investigation or through the course of the ongoing discovery process.

(2) All discovery, including depositions of expert witnesses pursuant to Fed R. Civ. P. 26(b)(4), will be commenced by December 2, 2003 and completed (not propounded) by March 2, 2004.

(3) Discovery will not be conducted in phases.

(4) Discovery on [issues for early discovery] will be completed by - not applicable.

(5) The parties anticipate that the Plaintiff will require a total of two (2) depositions of fact witnesses and that the Defendant will require a total of one (1) deposition of a fact witness. The depositions will commence by December 2, 2003 and be completed by April 2, 2004.

(6) The parties reserve the right to request permission to serve more than 25

4

interrogatories.

(7) Plaintiff does not intend to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by December 2, 2003. Depositions of any such experts will be completed by February 15, 2004.

(8) Defendant does not yet know whether it will call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by January 2, 2004. Depositions of such experts will be completed by March 2, 2004.

(9) A damages analysis will be provided by any party who has a claim or counterclaim for damages by January 15 2004.

B. <u>Dispositive Motions</u>

Dispositive motions will be filed on or before February 28, 2004.

C. <u>Joint Trial Memorandum</u>

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by March 30, 2004.

**TRIAL READINESS**

The case will be ready for trial by April, 2004 or thirty (30) days from submission of the joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFF, Paul Theriault

By: _____  Date: 10/14/03
Daniel S. Blinn, ct02188
dblinn@consumerlawgroup.com
Sarah Poriss, ct24372
sporiss@consumerlawgroup.com
Consumer Law Group, LLC
P. O. Box 1039  2138 Silas Deane Highway
Rocky Hill, Connecticut 06067-9997
Tel. (860) 571-0408  Fax (860) 571-7457

DEFENDANT Morgan Stanley & Co.

By: _____  Date: 10-14-03
Mark H. Dean ct03195
m.dean@snet.net
Mark H. Dean, P.C.
241 Main Street
Hartford, CT 06106
Tel. 860-541-6699  Fax. 860-241-7744

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing Rule 26(f) Report of Parties' Planning Meeting was mailed, via first class mail, postage prepaid, this 14th day of October, 2003, to all counsel as follows:

Mark H. Dean, Esquire
Mark H. Dean, P.C.
241 Main Street
Hartford, CT 06106

_____
Sarah Poriss

6